Kirkpatrick, C. J.
— The fourth reason assigned for the reversal of this judgment, is that the justice allowed the defendant to prove matters by way of off-set, without having filed the plea of payment. The fact upon which this reason is grounded is apparent upon the record.
The statute in this respect, is positive. If the defendant have any account or demand against the plaintiff, which he would discount or set off against him, he shall plead payment. It can be done in no other way or form of pleading. Here the defendant has not pleaded payment, and yet he has been permitted to give his account in evidence, and has obtained judgment thereupon in his favor.
This judgment cannot be supported.
Rossexx, J. — Concurred.
Pennington, J.
— None of the reasons assigned for reversing this judgment, are true in fact, except the fourth. It is true, a plea of payment was not filed, and a set-off *51 must have been gone into, or a verdict could not have been obtained for a sum of upwards of forty dollars, [#] in favor of the defendant. But a plea of the general issue — that is, that the defendant owed the plaintiff nothing, was filed on the return day of the summons; and this plea was accompanied with an account to be set-off. This is an error in form merely; all the substantial requisites were gone into and performed on the part of the defendant, to let in his set-off, except the form of the plea. No objection was taken to the plea before the justice, or to going into evidence on the set-off, on that ground. I have a strong reluctance to reversing the judgments of justices, on errors in form merely; and as this error was not complained of below, I cannot concur in a reversal; but think the judgment ought to be affirmed. 'The pica of payment here contemplated, is not an admission of the plaintiff’s demand; the general issue is equally beneficial. The act, however, ought to have been followed; but the objection should have been raised below.
Hunter, for plaintiff.
Judgment Reversed.